## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) DILLON ANDREW YEAMAN;<br>(2) MICHAEL YEAMAN and<br>(3) CATHY YEAMAN,<br><br>       **Plaintiff,**<br><br>**v.**<br><br>(1) HILLERICH & BRADSBY CO.,<br>d/b/a LOUISVILLE SLUGGER,<br><br>       **Defendant.** | **Case No.** CIV-10-1097-F |

### NOTICE OF REMOVAL AND SUPPORTING BRIEF

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, Defendant Hillerich & Bradsby Co. ("Louisville Slugger") files its Notice of Removal of this case from the District Court of Oklahoma County, Oklahoma, Case No. CJ-2009-7331 to the United States District Court for the Western District of Oklahoma.   In support of this Notice of Removal, Louisville Slugger states as follows:

### INTRODUCTION

1.     Louisville Slugger is filing this second Notice of Removal in the present action following the state court's ruling of September 10, 2010 granting summary judgment to Gregory's Sporting Goods, Inc. (Gregory's) and dismissing it from this lawsuit.  This ruling re-established diversity of citizenship.  This current action was filed on August 4, 2009 seeking actual and punitive damages against Louisville Slugger and

non-diverse defendant, Gregory's[1] for injuries allegedly sustained by Andrew Dillon Yeaman, then a minor, when he was struck in the face by a batted ball while participating in a Pure Prairie League baseball game in Norman, Oklahoma, in June of 2006. Plaintiffs' Petition, attached hereto as Exhibit "1", sets forth theories of manufacturers' products liability, negligence, and breach of implied and express warranties against Louisville Slugger and Gregory's.

2.     On September 4, 2009, Louisville Slugger filed a Notice of Removal based upon the fraudulent joinder (misjoinder) of Gregory's.  *See* Exhibit "2", Docket Sheet for Case Number 5:09-CV-00981-F, *Yeaman, et. al. v. Hillerich & Bradsby Co., et. al.* Plaintiffs filed a Motion to Remand. On December 21, 2009, after full briefing including a court-ordered supplement of Plaintiff's brief, this Court ruled that Louisville Slugger could not meet its "heavy burden" of proof to demonstrate there is no possibility that Plaintiffs could establish a cause of action against Gregory's.  Thus, the Court felt obligated to grant Plaintiffs' Motion to Remand on January 6, 2010.

3.     On January 6, 2010, the Order of Remand was filed in the District Court of Oklahoma County **recommencing** the case.  *See* Exhibit "3", Docket Sheet for CJ-2009-7331.  Subsequently, Gregory's filed a Motion for Summary Judgment on July 22, 2010 asserting that a retailer cannot be held liable under manufacturer's product liability if it did not sell or place into the stream of commerce the product at issue.  After extensive briefing by Gregory's and Plaintiff, Judge Parrish granted Gregory's summary judgment

---

[1] Gregory's is an Oklahoma corporation and was a non-diverse party.  Gregory's was dismissed from the action following a hearing on Gregory's Motion for Summary Judgment as more fully set forth below.

holding that Plaintiffs had no viable action against Gregory's.  This present Notice of Removal follows Judge Parrish's ruling dismissing Gregory's as an improper party and re-establishing diversity of citizenship under 28 U.S.C. §1332.

4.      Louisville Slugger requests that this Court assume jurisdiction over this case notwithstanding that this Notice of Removal is being filed more than one year from the commencement of the original action on August 4, 2009.  What **might not have been clear at the time of the initial Motion to Remand is clear now - Gregory's was fraudulently joined (misjoined) in this case** to defeat diversity jurisdiction and removal is proper for the following reasons:

a.      The law of the Western District, as set forth in *Anderson v. Ford Motor Co.,* 303 F. Supp. 2d 1253 (W.D. Okla. 2004), is that the one-year limitation on removal (otherwise referred to as the "except" clause) applies only to diversity cases not originally removable.  Thus, the **one-year bar** set forth in the "except" clause **does not apply to this case** since it was originally removable as Gregory's was fraudulently joined (misjoined).  Since Plaintiff had no viable cause of action against Gregory's based upon the law of Oklahoma applied by Judge Parrish in dismissing Gregory's from this lawsuit, the case was deemed originally removable under 1446(b);

b.      Since Gregory's was fraudulently joined (misjoined) in this case to defeat diversity jurisdiction, this action falls within the "equitable exception" to the one-year rule.  28 USC §1446(b);

c.      After Louisville Slugger filed its Notice of Removal and Supporting Brief on September 4, 2009, this Court assumed jurisdiction and the state court no longer

had jurisdiction over this matter.  It was pending in this Court from September 4, 2009 until January 6, 2010, when the Order was filed in the District Court of Oklahoma County **recommencing** the case before Judge Parrish.  Thus, the case has not been pending in the state court for more than one year but most significantly, when this Court remanded the case to the District Court of Oklahoma County, the action was recommenced, which triggered the start of the one-year period of time, assuming *arguendo*, that it is applicable to this case.

5.     Plaintiffs originally filed the same case on June 26, 2008, solely against Louisville Slugger.  See Exhibit "4", Petition styled *Michael and Cathy Yeaman, as parents and next friends of Dillon Andrew Yeaman, a minor*, v. *Hillerich & Bradsby Co., d/b/a Louisville Slugger,* Cleveland County, Case No. CJ-2008-1295-BH ("Original Petition").

6.     On July 21, 2008, Louisville Slugger removed the case to the Western District of Oklahoma.   See Exhibit "5", Notice of Removal, CIV-08-752-F. Subsequently, the Plaintiffs dismissed the Original Petition on August 5, 2008.  See Exhibit "6", Dismissal Without Prejudice.  The current action was filed, presumably, after an exhaustive search for a non-diverse party -- Gregory's.  Although Gregory's was non-diverse, Plaintiff clearly did not have a viable cause of action against them based upon the ruling of Judge Parrish in the state district court September 10, 2010.

## BASIS FOR REMOVAL JURISDICTION

7.     Defendant Louisville Slugger is a Kentucky corporation, with its principal place of business in the Commonwealth of Kentucky.   Plaintiffs are residents of

Oklahoma.   There is diversity of citizenship pursuant to 28 U.S.C. 1332 between Plaintiffs and Defendant Louisville Slugger.  Therefore, removal of this action from the District Court of Oklahoma County is proper under 28 U.S.C. § 1441(a) because the federal court would have had original jurisdiction of this action based on 28 U.S.C. §1332, had this action originally been brought in federal court solely against Louisville Slugger.

8.      In addition to complete diversity of citizenship, the amount in controversy in this action exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.  Louisville Slugger denies that Plaintiffs are entitled to the damages prayed for in their Petition.   However, when evaluating those alleged damages in the context of 28 U.S.C. §§ 1332 and 1441, it is clear that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.   Newspaper reports detailing this incident state that Dillon Andrew Yeaman sustained fractures to his nose, sinus passages, and the orbit of his right eye.   Yeaman had reconstructive surgery and was hospitalized for approximately one week.   When the damages sought by Plaintiffs are taken into account, Louisville Slugger has made a showing sufficient to satisfy the jurisdictional amount set forth in 28 U.S.C. § 1332 and, therefore, removal is proper.

9.      Louisville Slugger has filed this Notice of Removal within 30 days after Judge Parrish's ruling dismissing Gregory's.  A copy of the Petition filed in the District Court of Oklahoma County is attached as Exhibit 1; a copy of the Oklahoma County District Court Docket Sheet for Case No. CJ-2009-7331 is attached as Exhibit 3.

10.     As set forth above, Louisville Slugger recognizes that this second Notice of Removal is being filed more than one year after the original lawsuit was commenced in August of 2009.  However, Louisville Slugger respectfully submits that this case does not fall within the one year bar since it was originally removable as subsequently determined by Judge Parrish when she dismissed the non-diverse defendant from this case. Louisville Slugger submits that this ruling by Judge Parrish has deemed the original action removable and thus, the one year bar does not apply pursuant to *Anderson v. Ford Motor Co.*, 303 F. Supp. 2d 1253 (W.D. Okla. 2004.  Further, Louisville Slugger submits that the fraudulent joinder (misjoinder) of Gregory's in the original action triggers the doctrine of "equitable tolling" of the one-year limitation on the removal, assuming ar*guendo*, that the one year bar is applicable.  Finally, Louisville Slugger submits that this case has not been pending the state court for one-year since this Honorable Court had jurisdiction from September 4, 2009 to January 6, 2010, and the case was only recommenced in state court on January 6, 2010.  Assuming the one-year limitation is applicable to this case, it did not begin to run until January 6, 2010.

## ARGUMENT AND AUTHORITIES

**I.     THE ONE-YEAR LIMITATION SET FORTH IN 28 U.S.C. §1446(B) DOES NOT APPLY TO THIS CASE FOR THE REASON THAT IT WAS ORIGINALLY REMOVABLE AT THE TIME OF FILING.**

As outlined above, Plaintiffs originally filed this case on June 26, 2008 against Louisville Slugger only.  After its removal and prior to Louisville Slugger's answer date, the Plaintiffs dismissed the lawsuit instead of litigating the matter in federal court.  On August 4, 2009, more than a year after this dismissal, the Plaintiffs refiled the case in

state court against both Louisville Slugger and a non-diverse defendant, Gregory's.  The case was then timely removed by Louisville Slugger.  The removal was predicated upon the fraudulent joinder of Gregory's as a party Defendant to defeat diversity of citizenship. As set forth in its original Notice of Removal, Louisville Slugger is not asserting fraud on behalf of the Plaintiffs, but is alleging that Plaintiffs' claim against the non-diverse Defendant Gregory's is totally and hopelessly lacking in merit and thus, a misjoinder of the non-diverse Defendant.  As this Court so succinctly stated in *Red Hat v. General Binding Corp.,* 5:08-CV-00205-F 2008 WL 1944711, at *1, n1(W.D. Okla. May 1, 2008) (attached as Exhibit 6 to the original Notice of Removal):

> "The court notes that the term 'fraudulent' joinder is a bit of a misnomer.  ***  The issue, rather, is whether the claim against the non-diverse party is hopelessly lacking in merit - a condition which can, and often does, exist even in the absence of a fraudulent pleading."

Plaintiffs filed a Motion to Remand.  On December 21, 2009, this Court entered an Order which emphasized the "heavy burden" on Louisville Slugger to demonstrate that there was no possibility that Plaintiffs would be able to establish a viable cause of action against Gregory's which required the Court to grant Plaintiffs' Motion to Remand the case to state court.

After the case was recommenced in state court, Gregory's filed a Motion for Summary Judgment and Judge Parrish ruled there was no viable cause of action against Gregory's under Oklahoma law.  Thus, Louisville Slugger submits that the dismissal of Gregory's under Oklahoma law by a state court judge confirmed that Gregory's was an

improper defendant and that diversity of citizenship existed at the time of filing.  Thus, the case was originally removable.

The first question to be addressed by this Court is whether the "except" clause, (containing the one-year limitation) set forth in the second paragraph of 28 U.S.C. §1446(b) is applicable to the instant case.  *Anderson v. Ford Motor Co*., 303 F. Supp. 2d 1253 (W.D. Okla. 2004) (attached as Exhibit 7) is dispositive of this issue.  In *Anderson*, Judge Cauthron performed a detailed analysis of §1446(b) and held as follows:

> "According to a plain reading of §1446(b)**, the 'except' clause applies only to diversity cases not originally removable**.  After reviewing the removal statute as a whole, including its legislative history, the Court is not persuaded to the contrary.  Further, such a reading is consistent with the fundamental principles of litigation articulated by the Supreme Court in *Murphy Bros. and Wecker.*  This case was unquestionably removable at the time of filing."  (emphasis added).

303 F. Supp. 2d at 1258-59.

In reaching this conclusion, Judge Cauthron analyzed (1) the textual construction of the rule; (2) the purpose and intent for removal and a one-year time restriction; and (3) general considerations of equity and fairness.  The Court cited multiple cases holding that the "except" clause applied only to cases not originally removable from the Eighth Circuit, Sixth Circuit, Fifth Circuit, Ninth Circuit and the District Court of Kansas.  303 F.Supp.2d at 1256.  Judge Cauthron also concluded that

> [F]ederal courts must vigilantly protect a defendant's right to proceed in federal court against abuses and manipulations by the plaintiff."  *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186, 51 L.Ed. 430 27 S.Ct. 184 (1907).  "Federal courts may and should take such action as will

> defeat attempts to wrongfully deprive parties entitled to sue in
> the Federal Courts of the protection of their rights in those
> tribunals." *Ala. Great So. Ry. Co. v. Thompson*, 200 U.S.
> 206, 218, 26 S.Ct. 161, 50 L.Ed. 441 (1906).

303 F. Supp. 2d at 1258.

The Court explained that a **Defendant's right to remove "cannot be defeated for example, by a fraudulent joinder of a resident Defendant** or improper assignment of claims. See *Wilson v. Republic Iron & Steel Co*., 257 U.S. 92, 97, 66 L. Ed. 144 42 S. Ct. 35, (1921)." 303 F. Supp. 2d at 1259, n.9.

Since this case was originally removable by virtue of the fraudulent joinder (misjoinder) of Gregory's, this Notice of Removal does not fall within the purview of the one-year limitation set forth in 1446(b). The law of the Western District is clear that this case is removable notwithstanding the one-year limitation set forth in §1446(b). The only reason that §1446(b) even applies in this case is due to the fraudulent/misjoinder of Gregory's in the original Petition. This is insufficient to trigger the one year bar. Judge Parrish's ruling that no viable cause of action existed against Gregory's is conclusive on the issue of whether this case was originally removable or not. **Judge Parrish's ruling "deems" this case originally removable.** Louisville Slugger respectfully submits that the sole reason this Court was obligated to remand the case was the imposition on Louisville Slugger of a "heavy burden of persuasion" that required remand in the event that any claim against the non-diverse Defendant was "possibly viable."

In this second Notice of Removal, **it is clear that no viable cause of action has ever existed against Gregory's**, and that Gregory's was included for the sole purpose of

defeating diversity jusidcition.  Plaintiffs should not be allowed to manipulate the system in order to keep Louisville Slugger from exercising its right to be in federal court.  Thus, the removal is proper and Louisville Slugger submits that this Court should retain jurisdiction over this case.

II.     **THE DOCTRINE OF EQUITABLE TOLLING IS APPLICABLE TO THIS CASE AS A RESULT OF THE FRAUDULENT/MISJOINDER OF A NON-DIVERSE DEFENDANT BY THE PLAINTIFF.**

Louisville Slugger submits that the fraudulent joinder (misjoinder) of Gregory's is the basis for an equitable exception to, or equitable tolling of, the one-year limitation on removal set forth in 28 U.S.C. § 1446(b). Assuming *arguendo* that the one-year bar extends to all actions, Louisville Slugger relies upon *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003) which determined that an "equitable exception" existed to the one-year bar when a Defendant is precluded from removing the case within one year of its filing by the fraudulent joinder of a non-diverse party defendant by the plaintiff.

In *Tedford,* Tedford and Castro sued Warner-Lambert, the manufacturer of the drug Rezulin, and Dr. Johnson, who had treated Castro but not Tedford.  The Texas state court severed the claims of Tedford and transferred venue of that case and defense counsel for Warner-Lambert advised Plaintiff's attorney of his intent to remove.  Within a matter of hours,  Plaintiff moved to name an additional defendant, Dr. Deluca. Prior to the one-year limitation on removal, Plaintiff signed and post-dated a Notice of Nonsuit against Dr. Deluca, however, Plaintiff did not file or send it to Warner-Lambert until after the one-year limitation had expired.  Warner-Lambert removed after the expiration of the

one-year limitation and the District Court subsequently denied Plaintiff's Motion to Remand.

On appeal, the Fifth Circuit Court of Appeals held that "Time requirements in lawsuits between private litigants are customarily subject to 'equitable tolling.' Moreover, '**the time limit for removal is not jurisdictional; it is merely modal and formal and may be waived**.'" *Tedford*, 327 F.3d at 426.  *Tedford*, in n.4, cited cases from the Southern District of Texas, the Northern District of Texas, the Southern District of New York, the Southern District of Mississippi and the Southern District of Indiana upholding the doctrine of equitable exceptions and tolling of the one-year limitation.

The court concluded that if a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in §1446(b) be extended. 327 F.3d at 428-429.  The Tenth Circuit Court of Appeals has likewise determined that the time limits set forth in 28 U.S.C. §1446(b) are not jurisdictional but rather are procedural.  See *McLeod v. Cities Service Gas Co.,* 233 F.2d 242, 244 (10th Cir. 1956).

The instant case is another example of a case in which the one-year limitation should be equitably extended.  Louisville Slugger first removed this case within the one-year limitation when Plaintiffs filed their first Petition in 2008.  However, Plaintiffs dismissed and over a year later, found a non-diverse defendant (albeit one where no viable cause of action existed) and re-filed the Petition against Louisville Slugger and Gregory's.  After Louisville Slugger timely removed the case within the one year limitation, asserting the fraudulent joinder (misjoinder) of Gregory's, the case was

subsequently remanded.   However, the Oklahoma County District Court ruled that Louisville Slugger's assertion that Gregory's was an improper party defendant was correct and thus, diversity of citizenship existed when the original case was filed.

It is well-settled that the Defendant's rights of removal "cannot be defeated by a fraudulent joinder (misjoinder) of a resident Defendant having no real connection with the controversy." *Slover v. Equitable Variable Life Ins. Co*., 443 F.Supp.2d 1272,1276 (N.D. Okla. 2006) *quoting Wilson v. Republic Iron & Steel Co*., 257 U.S. 92 (1921). That is precisely what has occurred in this case and this type of forum manipulation should not be allowed by this Honorable Court.

**III.** **WHEN THE REMAND ORDER OF THIS COURT WAS FILED IN THE DISTRICT COURT OF OKLAHOMA COUNTY ON JANUARY 6, 2010, THE CASE WAS IN EFFECT "RECOMMENCED".**

Assuming *arguendo*, that the one-year limitation is applicable to this case, Louisville Slugger respectfully submits that when the Order of this Court was filed in the District Court of Oklahoma County on January 6, 2010, this action was **recommenced** and such recommencement triggered the running of the one- year limitation period provided in §1446(b).  Obviously, the lawsuit had not been pending in the state court during the period of removal and thus had been pending in the state court for less than one year.  When the Order of Remand was filed, the case was recommenced and thus, Louisville Slugger has until January of 2011 within which to file its removal.

Since this removal has been filed within thirty days of the dismissal of the non-diverse defendant and well within the one-year period of time after the recommencement

of the action, this Honorable Court has jurisdiction over this case and this case has been properly and timely removed to this Court.

This case is removable notwithstanding the one-year rule of Section 1446(b). Louisville Slugger removed the case upon the first filing, and then removed the case again upon the second filing, asserting fraudulent joinder (misjoinder).  Although this Court found that Louisville Slugger did not meet its heavy burden of persuasion and remanded the case, that ruling is not dispositive of this removal.  Clearly, no viable cause of action existed against Gregory's, pursuant to the ruling of Judge Parrish.  Gregory's was in this case only to defeat diversity, and Plaintiffs should not be allowed manipulate the system in order to keep Louisville Slugger from exercising its right to litigate in federal court.  Therefore, this removal is proper, and this Court should retain jurisdiction over the cause of action.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the state district court case (CJ-2009-7331) are attached hereto as Exhibits "8" through "22. Pursuant to LCvR 81.2(a) a copy of the Oklahoma County District Court docket sheet for Case No. CJ-2009-7331 is attached hereto as Exhibit "3".

## CONCLUSION

For the above stated reasons, Louisville Slugger respectfully submits that removal jurisdiction is proper, and this Court should allow removal of the action from the state court and proceed herewith.

Dated: October 8, 2010                    Respectfully submitted,


                                          **HALL, ESTILL, HARDWICK,**
                                          **GABLE, GOLDEN & NELSON, P.C.**


                                 By:   /s/Robert D. Looney, Jr.
                                       Robert D. Looney, Jr.  OBA #5525
                                       Seth A. Day, OBA #20670
                                       Christian S. Huckaby, OBA #16131
                                       Chase Tower
                                       100 North Broadway, Suite 2900
                                       Oklahoma City, OK  73102-8865
                                       Telephone:  (405) 553-2828
                                       Facsimile:  (405) 553-2855
                                       Email:  rlooney@hallestill.com

                                       **ATTORNEYS FOR DEFENDANT,**
                                       **HILLERICH & BRADSBY CO., D/B/A**
                                       **LOUISVILLE SLUGGER**



### CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of October, 2010, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Joe E. White Jr. | Kelly A. George |
| Charles C. Weddle, III | Burch & George, P.C. |
| White & Weddle, P.C. | 204 N. Robinson, Suite 1500 |
| 5532 N. Western | Oklahoma City, OK  73102 |
| Oklahoma City, OK  73118 | Attorney for Plaintiffs |
| Attorney for Plaintiffs | |


                          s/Robert D. Looney Jr.


505182.1:422725:02520