# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DILLON ANDREW YEAMAN, ) <br> MICHAEL YEAMAN and ) <br> CATHY YEAMAN, ) <br> ) <br>       Plaintiffs, ) <br> ) <br> -vs- ) <br> ) <br> HILLERICH & BRADSBY CO., ) <br> d/b/a LOUISVILLE SLUGGER, ) <br> ) <br>       Defendant. ) | Case No.  CIV-10-1097-F |

### MEMORANDUM WITH RESPECT TO EYE WITNESS
### OPINION TESTIMONY UNDER RULE 701, F.R. EVID.

The court has carefully considered the arguments set forth in the parties' briefs with respect to the admissibility of eye witness testimony as to whether Dillon Yeaman had time to react to the batted ball (plaintiffs' brief at doc. no. 129 and defendant's brief at doc. no. 130).

Rule 701, F.R.Evid., as amended[1] effective December 1, 2011, reads as follows:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>   (a) rationally based on the witness's perception;
>   (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>   (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The issue is whether an eye witness – a player or a person in the stands watching a pitch, a swing and a hit, presumably with no reason to be looking for

---

[1] The rule was simply restyled effective as of December 1; there was no substantive change.

anything out of the ordinary – should be permitted to testify, in substance, that "Dillon didn't have enough time to get out of the way." Or: "Dillon didn't have enough time to react." Actually, the issue goes to what *question* will be permissible – once the question is asked, there may be any number of answers, and, indeed, the more definitive the answer, the less credible it may be.

The court concludes that, if a sufficient foundational showing is made, eye witness testimony of this kind may be received. It is well-established that lay witnesses may give their lay opinions as to matters such as the speed of a vehicle. The court will acknowledge that venturing a lay opinion as to whether Dillon Yeaman had enough time to get out of the path of the ball requires more than just a reckoning of the speed of the ball. However, the court does not agree with defendant's contention that this kind of testimony amounts to expert testimony as to "human response time" in the strict sense urged by the defendant. Doc. no. 130, at 3.

The necessary foundation must, at a minimum, consist of a showing that (i) the witness was actually watching what was happening, (ii) the witness had a reasonably good opportunity to observe the critical aspects of the accident sequence (*e.g.*, the witness was not watching from a car in the parking lot), (iii) the witness has a good enough understanding of the game of baseball, and enough experience with play on the level of the Pure Prairie League, to rationally form a subjective impression as to whether the pitcher had enough time to get out of the way. This will not amount to Rule 702 expert testimony. Rather, if the necessary foundation is laid, this will be the subjective observation – and opinion – of a lay observer who has been shown to have some minimal basis upon which to say what he is saying.

In reaching this conclusion, the court is also mindful that testimony of this kind will certainly provide fertile ground for cross examination (*e.g.*, as to ability to observe, basis for reaching a rational conclusion, and ability to exclude factors, such

as distraction by base runners, other than the sheer speed of the batted ball) and will, at all events, be subject to the jury's common sense assessment for credibility and persuasive value.

DATED this 4th day of December, 2011.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

10-1097p028.wpd